878

The People of the State of Illinois, Plaintiff-Appellee, *v.* Luther Q. Simpson, Defendant-Appellant.

(No. 72-227; )

Fifth District—February 28, 1974.

CARTER, J., took no part.

Robert E. Farrell, Deputy Defender, of Mt. Vernon (J. Earl Crisel, Assistant Appellate Defender, of counsel), for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

PER CURIAM:

The defendant was indicted for murder, and, after a jury had been selected and sworn for trial on that charge, entered into a negotiated plea of guilty of voluntary manslaughter.

In this appeal, the defendant contends that the trial court failed to inform him of the nature of the charge, as required by Supreme Court Rule 402(a)(1), and failed to determine that the plea was voluntary and failed to determine that no force, threats or promises, apart from the plea agreement, were used to obtain the plea, as required by Supreme Court Rule 402(b), Ill. Rev. Stat., ch. 110A, par. 402(a)(1) and 402(b).

The record does not demonstrate that the defendant was advised by the court of the nature of the charge of voluntary manslaughter, or that the court inquired into his understanding of the nature of the charge.

Defendant was indicted on a charge of murder and the court proceedings prior to his plea of guilty were in regard to that charge. The indictment does not set forth the elements of the crime of voluntary manslaughter. While there is possibly a sufficient basis in the record to find that the defendant understood the nature of the charge of murder, it

does not necessarily follow that he understood the charge of voluntary manslaughter.

The trial court's only attempt to comply with subsection (b) was the following:

> "COURT: You have a right to stand by your plea of not guilty and have your case heard by a jury. No one can make you plead guilty and the court will not accept a guilty plea from you unless your plea is voluntary.
>
> DEFENDANT: Yes, sir.
>
> COURT: If there have been any promises made to you, they are not binding on the court. Do you understand that?
>
> DEFENDANT: Yes."

The judgment of the Circuit Court of St. Clair County is reversed and the case is remanded with directions that the defendant be allowed to plead anew.

Reversed and remanded with directions.

Mr. JUSTICE CARTER took no part in the consideration or decision in this case.